

# In the Court of Criminal Appeals of Texas

---
No. PD-0799-19
---

THE STATE OF TEXAS

v.

SHEILA JO HARDIN, *Appellee*

---
On State's Petition for Discretionary Review
From the Thirteenth Court of Appeals
Nueces County
---

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEEL, J., joined.

Section 542.301(a) of the Texas Transportation Code provides that "[a] person commits an offense if the person performs an act

prohibited **_or_** fails to perform an act required by this subtitle." TEX. TRANSP. CODE § 542.301(a) (emphasis added). Within the referenced subtitle, then, is Section 545.060(a) of the Texas Transportation Code, which contains both a requirement and a prohibition. It reads:

> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>
> (1) shall drive as nearly as practical entirely within a single lane; and
>
> (2) may not move from the lane unless that movement can be made safely.

TEX. TRANSP. CODE § 545.060(a). A plain reading of these statutes together makes clear that a person commits an offense by violating either the *requirement* that the person (a)(1) drive as nearly as practical entirely within a single lane, or the *prohibition* that they (a)(2) not move from the lane when that movement cannot be made safely.

Today, the Court holds otherwise. It concludes instead that a person does not commit an offense under this provision unless and until he both (a)(1) fails to drive as nearly as practical entirely within a single lane, *and* (a)(2) moves from the lane when that movement cannot be made safely; in other words, no offense is shown until a driver deviates from a single lane of traffic *in an unsafe manner. See* Majority Opinion at 16 ("[W]e hold that a person only violates [the statute] if the person fails to maintain a single marked lane of traffic in an unsafe manner.").[1]

---

[1] After being detained on suspicion of the traffic violation at issue in this case, Appellant was found to be in possession of evidence supporting charges of fraudulent possession of identifying information and forgery of a government instrument. Majority Opinion at 3.

But, as four of our judges recognized in *Leming v. State*, 493 S.W.3d 552, 557 (Tex. Crim. App. 2016), "[t]here is a problem with this assessment of the statutory elements[.]"

The Court's lead opinion in *Leming* explained it this way:

> It seems to discount the requirement that an operator "drive as nearly as practical entirely within a single lane[.]" It essentially removes what is now Section (a)(1), requiring a driver to stay within his dedicated lane of traffic as much as it is "practical" to do so, entirely from the statute. It makes it an offense only to ignore the prohibition against *changing* lanes when the conditions for changing lanes are not safe.

*Id.*

The Court says that any reading of the statute other than its own ignores the conjunction "and" that separates Subsection (1) from Subsection (2). *See* Majority Opinion at 12–13 & n. 29 (citing Antonin Scalia & Bryan A. Garner, READING LAW 116 (2012), for the proposition that "and combines items while or creates alternatives"). But Section 545.060(a) does not read like the typical penal code provision that uses the conjunctive "and" to identify constituent elements of a single offense. Such a statute is usually structured as follows:

"A)  A person commits an offense if the person:

1) . . .,

2) . . ., *and*

3) . . .."

The use of the conjunctive "and" in a statute structured in this way makes it plain, of course, that the various subsections define necessary

elements of the "offense" referenced in the statutory preamble, *all* of which must be proven to establish commission of the offense. They do not define *alternative* ways of committing the offense, like the word "or" would be expected to do in that context.

Section 545.060(a) of the Transportation Code, however, is structured differently than the typical penal provision. In fact, in and of itself, it is not a penal provision at all. Its opening phrase says nothing about committing an offense. Instead, it begins by identifying to whom, and in what location, it applies: "An operator on a roadway divided into two or more clearly marked lanes for traffic:". TEX. TRANSP. CODE § 545.060(a). It then sets out a *requirement*, in Subsection (1): "shall drive as nearly as practical entirely within a single lane[.]" *Id.* And next, in Subsection (2), it sets out a *prohibition*: "may not move from the lane unless that movement can be made safely." *Id.*

Thus, Section 545.060(a) sets out both a requirement and a prohibition—*either* of which may form the basis for a penal offense under Section 542.301(a)—the actual penal provision in the Transportation Code. *See* TEX. TRANSP. CODE § 542.301(a) ("A person commits an offense if the person performs an act prohibited __or__ fails to perform an act required by this subtitle.") (emphasis added). In this way, the subsections of Section 545.060(a) themselves independently establish what constitutes an offense, with each subsection defining a discretely actionable offense—just as the word "or" might in a more typical penal provision. If a person driving on a clearly divided roadway *either* fails to remain "as nearly as practical within a single lane[,]" *or* he "move[s] from" one dedicated lane into another when it is not safe to

do so, he has committed an offense according to the statutory scheme.[2] That is how the conjunctive "and" works in this statutory context.

The Court says that its construction of the statute is the only one "that gives effect to both statutory subsections." Majority Opinion at 13. It seems to me that the opposite is true. As the lead opinion in *Leming* explained, as quoted above, the Court's interpretation effectively reads Subsection (a)(1) out of the statute, making the safety of any deviation from a single lane the lynchpin of a single offense. Otherwise failing to stay within a dedicated lane, even when it is practical to do so, as described in Section (a)(1), will make not a bit of difference so long as the driver does not "move from" that lane in a manner that is *unsafe*.[3]

---

[2] Or, as Judge Richardson explained it in his concurring opinion in *Leming*:

> The statute provides that a driver "shall drive as nearly as practical entirely within a single lane," *and* a driver "may not move from the lane unless that movement can be made safely." This means that a person *could* be in violation of that statute if he or she fails to do *either one* of the required actions. This interpretation does not turn the "and" into an "or." The "and" means that *both* are statutory requirements. It is the *potential violation of the statute* that incorporates the "or."

493 S.W.3d at 566 (Richardson, J., concurring).

[3] A driver can fail to stay within his dedicated lane without wholly "mov[ing] from" his lane. It would not be unreasonable to construe the phrase "move from" to mean a "move from" one lane completely into another: a *change* of lanes. Such a reading would nullify the Court's assumption that the two subsections of the statute address "the same conduct[.]" Majority Opinion at 13. If Subsection (a)(1) deals with swerving partially outside of a dedicated lane (or, more precisely, failing to stay "entirely within a single lane"), while Subsection (a)(2) deals with wholesale lane changes, then the proscribed conduct is *not* the same from one subsection to the other, and it then makes

Still, the Court concludes that there is necessarily an "interconnectedness" between the two subsections that somehow makes them elements of the same offense. *Id*. at 14. But that perceived "interconnectedness" seems to me to derive solely from the Court's faulty understanding of the conjunctive "and" between the subsections of the statute. I see no other intrinsic source for it.

The Court also claims that my understanding of the statute "would render subsection (a)(2) meaningless."[4] *Id*. at 15. The reason, if I understand it correctly, is that the Transportation Code already contains a provision that prohibits drivers from "mov[ing] right or left on a roadway, unless movement can be made safely." *Id*. at 15. (citing TEX. TRANSP. CODE § 545.103). What I believe the Court is suggesting here is that to read Subsection 545.060(a)(2) to identify a discrete offense, apart from Subsection 545.060(a)(1), would create an offense that would be redundant of the prohibition already set out in Section

---

sense for the Legislature to include a "safety" component to the latter but not necessarily to the former.

In any event, I do not think that the "safety" component of Subsection (a)(2) can sensibly be read to apply to the failure-to-stay-wholly-within-a-dedicated-lane requirement of Subsection (a)(1) under any circumstances. But that is what the Court's construction of the statute accomplishes today: A driver who fails to remain wholly within his dedicated lane will nevertheless escape prosecution under Section 545.060(a), at least so long as that conduct does not take the form of wholly "mov[ing] from" his lane, and then doing so *unsafely*. But a driver who "move[s] from" his lane unsafely may always be prosecuted, without reference to the requirement to stay wholly within his dedicated lane so long as it is practical. In this way, the Court's reading of the statute eviscerates Subsection (a)(1).

[4] In fact, the Court's own reading of the statute renders Subsection (a)(1) meaningless. *See* note 3, *ante*.

545.103: moving right or left on a roadway when it is unsafe to do so.

I disagree, however, that Section 545.103 and Subsection 545.060(a)(2) are so co-extensive as to render Subsection 545.060(a)(2) wholly superfluous. Section 545.103 *requires* safe conditions with respect to any lateral movement on any roadway. Subsection 545.060(a)(2) *prohibits* any "move from" one dedicated lane into another on a clearly divided road. Depending on how we construe the breadth of the phrase "move from," Subsection 545.060(a)(2) may only apply to unsafe lane *changes*,[5] whereas the former would plainly apply to *any* unsafe lateral movement on *any* category of roadway. While it might be appropriate to read the two provisions *in pari materia* (especially if their punishment provisions differed, which they do not),[6] I perceive no redundancy that necessarily undermines my understanding that Subsection (a)(2) of Section 545.060 has a discrete effect from Subsection (a)(1). The Court's concern in this regard is overinflated.[7]

---

[5] *See* note 3, *ante*.

[6] *See Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008) (observing that "a defendant has a due process right to be prosecuted under a 'special' statute that is *in pari materia* with a broader statute when these statutes irreconcilably conflict.") (quoting *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006)). Section 542.301(b) of the Transportation Code provides that, "[e]xcept as otherwise provided, an offense under this subtitle is a misdemeanor." TEX. TRANSP. CODE § 542.301(b). Neither Section 545.060(a) nor Section 545.103 provides for a punishment that is otherwise than that provided by Section 542.301(b).

[7] In any event, any redundancy between the two statutes would not be saved by the Court's present construction of Section 545.060(a)—since it has rendered Subsection (a)(1) of that Section superfluous. All that is left is Subsection (a)(2), which is the very provision that the Court now maintains is redundant of Section 545.103 of the Transportation Code.

Finally, the Court argues that the statute's history supports its conclusion that Section 545.060(a) only sets out a single offense. Majority Opinion at 19–20. The Court first observes that the statutory predecessor to Section 545.060(a) was not divided into subsections, and the full text was contained within "a single sentence." *Id.* at 19 (citing former Article 6701d, § 60). Of course, though now divided into subsections, Section 545.060(a) is *also still* comprised only of a single sentence. That a "single sentence" is involved proves nothing.

Continuing its "statutory history" argument, the Court points out that the legislative codification of the statute as part of its "statutory revision program" was not supposed to effectuate substantive changes but was "cosmetic" only. *Id.* at 20. From this the Court concludes that "the statutory history suggests that the legislature has always intended that this subsection create only one offense." *Id.* Missing from this final argument is any indication of what the predecessor statute—Article 9701d, Section 60—was authoritatively construed to mean in the past. As was pointed out in the part of *Leming* that spoke for four members of the Court, "[t]his Court has yet to construe this statutory language." 493 S.W.3d at 557.

While there were at that time intermediate courts of appeals opinions on the subject, *id.* at 557 & n.6, prior to *Leming*, this Court had never construed the statute, in either its present or its former versions. That the codification of Article 9701d, Section 60, was not meant to effectuate a substantive change means nothing in the absence of binding authority construing that former language in the first place. Short of *Leming*, the proper construction of Section 545.060(a) of the

Transportation Code remains today, as far as this Court is concerned, a question of first impression. We have yet to construe the "single sentence" at issue in this case as it appeared in either current Section 545.060(a) of the Transportation Code, or former Section 60 of Article 9701d. Ultimately, nothing about the statute's history sheds the kind of light the Court suggests.

The Court's approach is also likely to produce problems with interpretation of other parts of the Transportation Code that are written similarly to Section 545.060(a). For example, Section 545.066(a) (Passing a School Bus; Offense) is structured almost identically to Section 545.060(a). Section 545.066(a) contains both a requirement and a prohibition, numbered as subsections (a)(1) and (a)(2), respectively, with each subsection separated by the word "and". Specifically, Section 545.066(a) provides:

> (a)     An operator on a highway, when approaching from either direction a school bus stopped on the highway to receive or discharge a student:
>
> > (1)     shall stop before reaching the school bus when the bus is operating a visual signal as required by Section 547.701 (Additional Equipment Requirements for School Buses and Other Buses Used to Transport Schoolchildren); and
> >
> > (2)     may not proceed until:
> >
> > > (A)     the school bus resumes motion;
> > >
> > > (B)     the operator is signaled by the bus driver to proceed; or
> > >
> > > (C)     the visual signal is no longer actuated.

TEX. TRANSP. CODE § 545.066(a). The Court's decision today may lead some lower courts to conclude that subsections (1) and (2) of Section 545.066 are "interconnected," and that since they are paired with the word "and," an offense will not have been committed under Section 545.066 unless an operator *both* fails to stop before reaching a bus *and* then proceeds before the bus resumes motion, etc.

But that interpretation will lead to the absurd result that, as long as an operator comes to a complete stop, proceeding in violation of subsection (2) cannot be an offense. After all, a court relying on this Court's opinion today might say that, because the requirement and the prohibition are connected by the word "and," that must mean that both must be proved before it can be said that an offense has been committed. And this is only one example of a similar statute found in the Transportation Code. There are many others that may be misconstrued by reliance on the Court's opinion in this case. *See, e.g.*, TEX. TRANSP. CODE § 545.253(a) (Busses to Stop at All Railroad Crossings); *id.* § 545.2535(a) (School Buses to Stop at All Railroad Crossings); *id.* § 545.254(a) (Vehicles Carrying Explosive Substances or Flammable Liquids); *id.* § 545.255(c) (Moving Heavy Equipment at Railroad Grade Crossing); *id.* § 545.2555(b) (Report and Investigation of Certain Railroad Crossing Violations); *id.* § 545.256 (Emerging From an Alley, Driveway, or Building); *id.* § 545.351(b) (Maximum Speed Requirement).

I would adhere to the view of the four judges who joined Part II of the opinion announcing the Court's judgment in *Leming*, non-binding though Part II might be. Because the Court today does not, for the

reasons outlined above, I respectfully dissent.

**FILED:**                                    November 2, 2022
**PUBLISH**